UNITED STATES DISTRICT COURT
NORTHERN DISTRICT GEORGIA
ATLANTA DIVISION

DEMARKUS TAYLOR, on
behalf of himself and all others
similarly situated,

      Plaintiff,

v.

ALLY FINANCIAL INC.,

      Defendant.

_____/

CIVIL ACTION NO.

## CLASS ACTION COMPLAINT

Plaintiff, Demarkus Taylor ("Plaintiff" or "Taylor"), individually and on behalf of all others similarly situated, sues Defendant, Ally Financial Inc. ("Defendant" or "Ally"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("TCPA"), and alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

### NATURE OF ACTION

1. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the unlawful conduct of Defendant in negligently or knowingly and/or willfully placing calls and sending text messages to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes, using an automatic telephone-dialing system without their prior express consent, in violation of the TCPA. Plaintiff and putative Class Members were not Ally customers at the time the calls at issue were placed. Upon information and belief, these calls were intended for persons other than Plaintiff and putative Class Members.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter because Plaintiff's claims arise from violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, which is a law of the United States. This Court also has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds $5,000,000.00, as each putative Class Member is entitled to $500.00 per call negligently placed in violation of the TCPA, or $1,500.00 per call knowingly and/or willfully placed in violation of the TCPA, exclusive of attorneys' fees, pre-judgment interest, and costs, and is a class action in which Plaintiff is a citizen of a state different from Defendant.

3. The alleged violations described herein occurred in Rockdale County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), because many of the acts giving rise to this action occurred in this District, Defendant conducts business in this District, and has intentionally availed itself of the laws and markets within this District.

## PARTIES

4. Plaintiff Demarkus Taylor is, and was, at all times relevant hereto a citizen of the state of Georgia.

5. Defendant Ally Financial Inc. is a Delaware corporation with its principal place of business located at 500 Woodward Avenue, 10th Floor, Detroit, Michigan 48226. Defendant is engaged in a wide variety of digital financial services including: banking, auto finance, home loans, investments, and corporate finance. It conducts business throughout the United States, and in and throughout the state of Georgia.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, *et seq.***

6. The TCPA, 47 U.S.C. §§ 227, *et seq.*, was enacted by Congress in 1991 to address consumer complaints about rampant telemarketing practices.

7. Section 227(b)(1)(A)(iii) bans the use of an automatic telephone dialing system ("auto-dialer") to place telephone calls to cellular telephones unless the consumer has provided prior written consent to receive such calls, or the calls are placed for emergency purposes.

8. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S. Ct., 740, 745, 181, L. Ed. 2d 881 (2012).

9. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

10. According to the Federal Communications Commission ("FCC"), "[u]nwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls."[1] Indeed, in 2018 alone, the FCC received more than 232,000 complaints.[2]

**FACTUAL ALLEGATIONS**

11. At all relevant times, Plaintiff was an individual residing in the state of Georgia. He is a "person" as defined by 47 U.S.C. § 153(39), and the "called party." See *Breslow v. Wells*

---

[1] https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.
[2] https://docs.fcc.gov/public/attachments/DOC-356196A1.pdf.

3

*Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Plaintiff has been a Straight Talk Wireless subscriber for more than three years, and the holder of cellular telephone number 404-XXX-9293. Plaintiff was the called party and recipient of Defendant's calls, as described herein.

13. Between January and February 2019, Defendant placed, or caused to be placed, at least 4 automated calls to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or pre-recorded or artificial voice.

14. The automated debt collection calls were initiated from (833) 669-2847, and potentially other numbers assigned to Defendant. The calls were directed to James Smith, a person unknown to Plaintiff.

15. Plaintiff is not now, nor ever has been, an Ally customer. He does not have an account or business relationship with Ally.

16. Plaintiff did not provide his cellular telephone number to Defendant, nor did he ever provide express consent to Defendant to place calls to his cellular telephone for any reason.

17. Defendant's robocalls, as received by Plaintiff, did not provide him the opportunity to opt out of, or request the cessation of Defendant's calls.

18. All of the calls that Defendant placed and sent, or caused to be placed and sent, to Plaintiff's cellular telephone number were placed and sent using an ATDS or pre-recorded or artificial voice, which has the capacity to store or produce telephone numbers to be called or texted, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice and to dial such numbers, as specified by 47 U.S.C § 227(a)(1).

19. The telephone number Defendant used to contact Plaintiff via an ATDS or pre-recorded or artificial voice was assigned to a cellular telephone service, as described in 47 U.S.C. § 227(b)(1)(A)(iii).

20. The pertinent calls were not placed or sent for emergency purposes, as defined in 47 U.S.C. § 227(b)(1)(A).

21. Defendant's placement of calls using an ATDS or pre-recorded or artificial voice for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

22. Defendant has a corporate policy to use an ATDS or a pre-recorded or artificial voice to place calls or send text messages to individuals, just as it did to Plaintiff's cellular telephone here.

23. Defendant has a corporate policy to use an ATDS or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer to cease the placement of calls or the sending of text messages.

24. Defendant's corporate policy is structured so as to continue to place calls and send text messages to individuals like Plaintiff, despite the fact these consumers request that Defendant cease the placement of calls and the sending of text messages.

25. Defendant's corporate policy provided no means for Plaintiff to have his number removed from the call list.

26. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

27. As a result of each of the calls and text messages described above, Plaintiff and putative Class Members suffered an invasion of privacy, as well as particularized and concrete

injuries, including the inducement of stress, anxiety, nervousness, embarrassment, distress, and/or aggravation. Plaintiff and putative Class Members also suffered out-of-pocket losses, including the monies paid to their wireless carriers for the receipt of such calls. Additionally, due to both the answered and unanswered calls placed by Defendant, and read and unread text messages sent by Defendant, Plaintiff and putative Class Members suffered the expenditure of their time, exhaustion of their cellular telephone batteries, unavailability of their cellular telephones while Defendant's calls were incoming, and trespass upon their respective chattels. All of the above-mentioned injuries were caused by, and/or directly related to, Defendant's placement of calls and sending of text messages to Plaintiff and putative Class Members by using an ATDS to call and text their cellular telephone numbers.

28.    In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited cellular telephone calls and text messages, and an award of statutory damages and actual damages to putative Class Members under the TCPA, together with costs and reasonable attorneys' fees.

## **CLASS ACTION ALLEGATIONS**

29.    Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4) and as detailed in the individual counts below, Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff brings this case on behalf of a class defined as follows:

> All persons within the United States who, between April 5, 2015 and the present, (1) received a non-emergency call or text message to their cellular telephone numbers; (2) through the use of an automatic telephone-dialing system or an artificial or pre-recorded voice; (3) from Defendant; and (4) who were not Ally customers at the time of the calls and text messages. ("the Class" or "Class Members")

Plaintiff reserves the right to amend the Class definition.

6

30. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiff's counsel. Members of the above-defined Class can be easily identified through Defendant's records or those of its vendors who placed the calls and/or sent the text messages at issue on behalf of Defendant.

### Numerosity

31. At the time of filing, Plaintiff does not know the exact number of putative Class Members. However, given the volume of cellular telephone numbers reassigned on a daily basis, and the volume of Ally customers throughout the United States, Class Members likely number in the thousands, if not hundreds of thousands, and are geographically disbursed throughout the country.[3]

32. The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

### Predominance of Common Questions of Law and Fact

33. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. The common legal and factual questions include at least the following:

    a. whether Defendant uses an ATDS, or artificial or pre-recorded voice to place calls and/or send text messages to cellular telephones;

---

[3] According to the Federal Communications Commission, as many as 100,000 cellular telephone numbers are reassigned every day. *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (July 10, 2015).

b. whether between April 5, 2015 and the present, Defendant used an ATDS or artificial or pre-recorded voice to place calls and/or send text messages to the cellular telephones of Plaintiff and putative Class Members;

c. whether between April 5, 2015 and the present, Defendant used an artificial or pre-recorded voice in connection with its placement of autodialed calls to the cellular telephones of Plaintiff and putative Class Members;

d. whether Defendant is subject to the TCPA;

e. whether Defendant can show that it obtained prior express consent from Plaintiff and putative Class Members to place calls or send text messages to their cellular telephones using an ATDS or artificial or pre-recorded voice;

f. whether Defendant's conduct violates the TCPA;

g. whether Defendant's conduct was negligent;

h. whether Defendant's conduct was knowing and/or willful;

i. whether Defendant is liable for damages, and the amount of such damages;

j. whether Plaintiff and putative Class Members are entitled to declaratory relief;

k. whether Defendant should be enjoined from engaging in conduct in violation of the TCPA in the future; and

l. whether Plaintiff and Class Members are entitled to any other remedy.

### Typicality

34. Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and Class Members have been injured by Defendant's uniform misconduct – the placement of calls and sending of text messages to cellular telephones using an ATDS or artificial or pre-recorded voice for non-emergency purposes and without prior express consent.

35. Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members. Further, a sufficient relationship exists between Defendant's conduct and the damages sustained by Plaintiff and putative Class Members.

### Adequacy

36. Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving TCPA violations. Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the Class.

### Superiority

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

   a. The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

   b. Absent a Class, the Class Members will continue to suffer damage and Defendant's violations of the TCPA will continue without remedy;

   c. Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts. Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

e. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f. No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

g. The litigation and trial of Plaintiff's claims are manageable;

h. Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by placing calls and sending text messages to their cellular telephone numbers, using an ATDS or artificial or pre-recorded voice, for non-emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the Class; and

i. Because Plaintiff seeks injunctive relief and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendant. Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action. As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class

Members who are not parties to the adjudication and may impair or impede their ability to protect their respective interests. Consequently, class treatment is a superior method for adjudication of the issues in this case.

## CAUSES OF ACTION

### COUNT I
### Negligent Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

38. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 37, as though fully set forth herein.

39. Without prior express consent, Defendant placed calls and sent text messages for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an ATDS or artificial or pre-recorded voice with the capacity to store or produce telephone numbers to be called or texted.

40. The foregoing acts constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

41. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class Members are entitled to an award of $500.00 in statutory damages for each and every non-emergency call placed and text message sent in violation of the TCPA.

42. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

43. Plaintiff and Class Members are also entitled to an award of costs and expenses.

## COUNT II
### Knowing and/or Willful Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

44. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 37, as though fully set forth herein.

45. Without prior express consent, Defendant placed calls and sent text messages for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an ATDS or artificial or pre-recorded voice with the capacity to store or produce telephone numbers to be called or texted.

46. The foregoing acts constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. §§ 227, *et seq*.

47. Pursuant to 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every non-emergency call placed and text sent in violation of the statute.

48. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

49. Plaintiff and Class Members are also entitled to an award of costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendant:

A. $500.00 in statutory damages for each and every call negligently placed and text message negligently sent by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

B.		$1,500.00 in statutory damages for each and every call willfully and/or knowingly placed and text message willfully and/or knowingly sent by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C.		An award of actual damages resulting from Defendant's violations of the TCPA;

D.		Injunctive relief seeking the implementation of measures by Defendant to stop future violations of the TCPA;

E.		An award of costs and expenses to Plaintiff's counsel;

F.		An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

G.  Any additional relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated:  April 8, 2019					Respectfully submitted,

**MORGAN & MORGAN**

*/s/ Adian R. Miller*
Adian R. Miller, Esq. (Georgia Bar No. 794647)
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 496-7332
Facsimile: (404) 496-7428
ARMiller@forthepeople.com

**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
John A. Yanchunis (Florida Bar No. 324681)*
Jonathan B. Cohen (Florida Bar No. 0027620)*
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

Facsimile: (813) 222-2434
jyanchunis@forthepeople.com
jcohen@forthepeople.com
lcarreiro@forthepeople.com

*Attorneys for Plaintiff*

\* pending *pro hac vice* application